IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| COREY LONG, § | |
| § | |
| VS. § | CIVIL ACTION NO. 3:24-cv-2808-BJ |
| § | |
| COMMISSIONER, SOCIAL § | |
| SECURITY ADMINISTRATION. § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Corey Allen Long ("Long") seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). Because the parties have consented to proceed before a magistrate judge, the undersigned has full authority under 28 U.S.C. § 636(c) to consider this appeal, including issuing a final judgment. For reasons stated herein, the decision of the Administrative Law Judge ("ALJ") is **REVERSED** and **REMANDED.**

### I.  STATEMENT OF THE CASE

Long filed this action pursuant to Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision of the Commissioner of Social Security denying his claims for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). Long protectively filed his application for DIB in March 2022, alleging that his disability began on March 18, 2020. (Transcript ("Tr.") 22.) After this application was denied initially and on reconsideration, Long filed a written request for a hearing before the Administrative Law Judge ("ALJ") on June 14, 2023. (Tr. 22.) The ALJ held a hearing on December 14, 2023, and issued a decision on April 12, 2024, denying Long's application for benefits. (Tr. 23.) The Appeals Council denied Long's request for review, leaving the ALJ's April

12, 2024, decision as the final decision of the Commissioner in Long's case. (Tr. 1–4.) Long subsequently filed this civil action seeking review of the ALJ's decision.

## I. STANDARD OF REVIEW

Disability insurance is governed by Title II, 42 U.S.C. §§ 401-434, and numerous regulatory provisions. *See* 20 C.F.R. Pt. 404 (disability insurance). Although technically governed by different statutes and regulations, "[t]he law and regulations governing the determination of disability are the same for both disability insurance benefits and SSI." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

The SSA defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. *See* 20 C.F.R. §§ 404.1520. First, the claimant must not be presently engaged in any substantial gainful activity. *See id.* § 404.1520(a)(4)(i). Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. §§ 404.1572. Second, the claimant must have an impairment or combination of impairments that is severe. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); *see also Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). Third, disability will be found if the impairment, or combination of impairments, meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404 Subpt. P, App. 1. *See* 20 C.F.R. §§ 404.1520(a)(iii), (d).[1] Fourth,

---

[1] Before moving from the third to the fourth step of the inquiry, the Commissioner assesses the claimant's residual functional capacity ("RFC") to determine the most the claimant is able to do notwithstanding her physical and mental limitations. 20 C.F.R. §§ 404.1520(a)(4), (e). The claimant's RFC is used at both the fourth and fifth steps of the five-step analysis. *Id.* §§ 404.1520(a)(4). At step four, the claimant's RFC is used to determine if the claimant can still do her past relevant work. *Id.* § 404.1520(a)(4)(iv). At step five, the claimant's RFC is used to determine whether the claimant can adjust to other types of work. *Id.* § 404.1520(a)(4)(v).

2

if disability cannot be found based on the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work. 20 C.F.R. §§ 404.l520(a)(4)(iv), (f). And fifth, the impairment must prevent the claimant from doing any work, considering the claimant's RFC, age, education, and past work experience. *Id.* §§ 404.l520(a)(4)(v), (g); *Crowley v. Apfel*, 197 F.3d 194, 197- 98 (5th Cir. 1999). At steps one through four, the burden of proof rests upon the claimant to show he is disabled. *Crowley*, 197 F.3d at 198. If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Id.* If the Commissioner meets his burden, it is up to the claimant to then show that he cannot perform the alternate work. *See Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988) (per curiam). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id.* A finding of no substantial evidence is appropriate only if *no* credible evidentiary choices or medical findings support the decision. *Id.* (emphasis added). An ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ. *Dollins v. Astrue*, No. 4:08-CV-00503-A, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009). This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's,

but it will carefully scrutinize the record to determine if substantial evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383.

## II. ISSUES

In his brief, Long presents a single issue to this Court for review: whether the ALJ's RFC determination is supported by substantial evidence. (Plaintiff's Brief ("Pl.'s Br.") at 1.) Long frames the issue as follows:

> The ALJ is responsible for the RFC. But the ALJ may not derive the RFC without support from a medical opinion. The ALJ cannot rely on his unsupported opinion about the limitations imposed by the claimant's medical opinion. Here the ALJ rejected the opinions in the record. Having done so, the ALJ was left alone to determine Long's RFC in violation of *Ripley*. His decision is not supported by substantial evidence.

(Pl.'s Br. at 1.)

## III. ALJ DECISION

In his April 12, 2024, decision, the ALJ found that Long met the insured status requirements of the SSA through December 31, 2020, and had not engaged in substantial gainful activity during the period from his alleged onset date of March 18, 2020, through his date last insured on December 31, 2020. (Tr. 24.) At Step Two, the ALJ found that Long suffered from the following "severe" impairments: "degenerative changes with arthritis in the right hip, lumbar disc disorder with radiculopathy, history of right knee arthroscopic surgery, thoracic intervertebral disc disorder, scoliosis, obesity, migraine headaches, pineal gland brain cyst with headache sequalae and hypertension." (Tr. 12 (emphasis removed).) At Step Three, the ALJ found that Long did not suffer from an impairment or combination of impairments that met or equaled any section in the Listing. (Tr. 25.)

As to Long's RFC, the ALJ stated:

After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform

    light work as defined in 20 CFR 404.1567(b) except that he can never climb ladders, rope or scaffolds.  He can occasionally climb ramps and stairs and occasionally balance, stoop, kneel, crouch and crawl.

(Tr. 27 (emphasis omitted).)  Based upon this RFC assessment, the ALJ concluded that Long, through the date last insured, was unable to perform any past relevant work.  (Tr. 31.)  However, based upon the testimony of a vocational expert ("VE"), the ALJ found that there were jobs that existed in significant numbers in the national economy that Long could perform.  (Tr. 31-32.)  Consequently, the ALJ found that Long was not disabled.  (Tr. 32-33.)

## IV. DISCUSSION

### A. RFC Determination

As set forth above, Long claims that the ALJ's RFC determination was not supported by substantial evidence because "the ALJ rejected the [medical] opinions in the record" and, as a result, "was left alone to determine Long's RFC in violation of *Ripley*." (Pl.'s Br. at 1.)  In support of Long's claim, he also cites to this Court's previous decision in arguing that when an ALJ rejects all medical opinions in the record, the decision cannot stand "'unless the remaining record clearly establishes the effect that the claimant's condition has on her ability to work, the ALJ.'"  (Pl.'s Br. at 11 (quoting *Harris v. Comm'r, Soc. Sec. Admin.*, No. 4:22-CV-487-P, 2023 WL 5826869, at *5 (N.D. Tex. Aug. 22, 2023), *R. & R. adopted*, WL 5826975 (N.D. Tex. Sept. 8, 2023).)  This generally[2] requires the ALJ to "'fill [the] gap with another medical opinion.'" (*Id.*)

RFC is what an individual can still do despite his limitations.  SSR 96-8p, 1996 WL 374184, at *2 (S.S.A July 2, 1996).  It reflects the individual's maximum remaining ability to do sustained work activity in an ordinary work setting on a regular and continuing basis.  *Id.*; *see Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001).  A regular and continuing basis is an eight-hour

---

[2] This gap can also be "filled" with medical expert testimony.

5

day, five days a week, or an equivalent schedule. SSR 96-8p, 1996 WL 374184, at *2. RFC is not the least an individual can do but the most. *Id*. The RFC is a function-by-function assessment, with both exertional and nonexertional factors to be considered, and it is based on all the relevant evidence in the case record. *Id.* at 3–6. The responsibility for determining a claimant's RFC lies with the ALJ. *See Villa v. Sullivan*, 895 F.2d 1019, 1023–24 (5th Cir. 1990). The ALJ must discuss the claimant's ability to perform sustained work activity on a regular and continuing basis and resolve any inconsistencies in the evidence. SSR 96-8p, 1996 WL 374184, at *7.

In making the RFC assessment, the ALJ must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with objective medical evidence and other evidence. *See* 20 C.F.R. § 404.1529; SSR 16-3p, 2017 WL 5180304, at *1 (S.S.A Oct. 25, 2017); SSR 96-8p, 1996 WL 374184, at *5. The ALJ must also consider limitations and restrictions imposed by all of an individual's impairments, even impairments that are not severe. *See* SSR 96-8p, 1996 WL 374184, at *5. The ALJ may draw reasonable inferences from the evidence in making his decision, but the social security rules also cautions that presumptions, speculation, and supposition do not constitute evidence. *See, e.g.*, SSR 86-8, 1986 WL 68636, at *8 (1986), superseded by SSR 91-7c, 1991 WL 231791, at *1 (Aug. 1, 1991) (changing the ruling only to the extent the SSR discusses the former procedures used to determine disability in children).

The ALJ is not required to incorporate limitations in the RFC that he did not find the record supported. *See Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) ("The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record."). In reviewing the ALJ's decision, a finding of no substantial

evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. B*oyd*, 239 F.3d at 704.

In considering medical opinion evidence, the ALJ must determine the persuasiveness of a physician's medical opinion. 20 C.F.R. § 416.920c. To determine the persuasiveness of each medical opinion, the ALJ considers supportability, consistency, relationship with the plaintiff, specialization, and other factors that tend to support or contradict a medical opinion. *Id.* § 404.1520c(c)(1)-(5). The most important factors are supportability and consistency. *Id.* § 404.1520c(b)(2). An ALJ must also discuss how he considered the supportability and consistency factors in his determination or decision. *Id.* "At a minimum, the ALJ's discussion [of these factors] must give enough reasons to permit meaningful judicial review." *Hubbard v. Comm'r of Soc. Sec.*, No. 4:20-CV-588-BP, 2022 WL 196297, at *4 (N.D. Tex. Jan. 21, 2022) (citations omitted).

In this case, the ALJ found, as stated above, that Long had the RFC "to perform light work as defined in 20 CFR 404.1567(b) except that he can never climb ladders, rope or scaffolds" and "[h]e can occasionally climb ramps and stairs and occasionally balance, stoop, kneel, crouch and crawl." (Tr. 27 (emphasis omitted).) In *Ripley*, the ALJ found that the claimant could perform sedentary work even though there was no medical opinion or testimony to support that conclusion. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1999). The Fifth Circuit noted that the record contained a vast amount of evidence establishing that the claimant had a back problem, but it did not clearly establish the effect that condition had on the claimant's ability to work, remanded the case with instructions for the ALJ to obtain a report from a treating physician regarding the effects of the claimant's back condition on his ability to work. *Id*. at 557–58. The Commissioner argued that this raw medical evidence "substantially support[ed] the ALJ's conclusion." *Id.* at 558 n.27.

7

In rejecting this argument, the Fifth Circuit noted that "[w]ithout reports from qualified medical experts" it could not "agree that the evidence substantially support[ed] the conclusion that Ripley was not disabled because [it was] unable to determine the effects of Ripley's conditions, no matter how 'small', on his ability to perform sedentary work." *Id.*

In applying *Ripley*, this Court and many others in this Circuit have held that the proper role of the ALJ is not to "interpret medical data himself but rather . . . [to] craft[] the RFC in reliance on medical expert opinion." *Harris*, 2023 WL 5826869, at *5-6 (collecting cases remanded based on ALJ's reliance on lay opinion to formulate the RFC). As a result, "[i]f the ALJ finds no medical opinion of record to be even partially persuasive, there is typically an evidentiary gap in the record between the claimant's raw medical data, impairments, and remaining ability to work." *Id.* at *6; *see also* Lopez v. Saul, No. SA-19-CV-01088, 2020 WL 4934462, at *4 (W.D. Tex. Aug. 22, 2020) ("Where 'the ALJ rejects the only medical opinions of record, interprets the raw medical data, and imposes a different RFC, the ALJ has committed reversible error.'" (quoting *Garcia v. Berryhill*, No. EP-17-CV-00263, 2018 WL 1513688, at *2 (W.D. Tex. Mar. 27, 2018))). Furthermore, the 2017 regulatory change does not allow the ALJ to overstep the bounds of a lay

person's competence and render a medical judgment. *See Moore v. Saul*, No. 3:20CV161-MPM-JMV, 2022 WL 987735, at *1 (N.D. Miss. Mar. 31, 2022).[3]

As noted above, "[i]f the ALJ finds no medical opinion of record to be even partially persuasive, there is typically an evidentiary gap in the record between the claimant's raw medical data, impairments, and remaining ability to work." *Harris*, 2023 WL 5826869, at *6. Accordingly, the Court considers whether the ALJ, by finding no medical opinion in the record at least partially persuasive, impermissibly substituted his lay opinion, as there was no medical opinion in the record that stated the effects of Long's limitations on his ability to work or if he was disabled.

In this case, there were no medical opinions in the file because both were rejected as unpersuasive by the ALJ. (Tr. 30; *compare* Pl.'s Br. at 9 (arguing that State Agency Medical Consultant ("SAMC") opinions are medical opinions rejected by the ALJ), *with* Defendant's Brief ("Def.'s Br.") at 5 (arguing that "the SAMC's insufficient evidence findings are not medical opinions" at all).)[4]

---

[3] The Court notes that the Fifth Circuit, in an unpublished, per curiam opinion, found that there are situations in which the lack of a medical opinion does not necessarily result in an RFC not supported by substantial evidence. *See Wills v. Kijakazi*, No. 22-20609, 2023 WL 4015174, at *4 (5th Cir. June 14, 2023). However, an unpublished opinion is not controlling precedent and has no authority beyond the extent to which its analysis is persuasive. *Ballard v. Burton*, 444 F.3d 391, 401 (5th Cir. 2006) ("An unpublished opinion issued after January 1, 1996 is not controlling precedent, but may be persuasive authority.") (citation omitted). Simply put, this Court finds the analysis in *Wills* inconsistent with the Fifth Circuits published decision, *Ripley*, in which it stated that "[w]ithout reports from qualified medical experts" it could not "agree that the evidence substantially support[ed] the conclusion that Ripley was not disabled because [it was] unable to determine the effects of Ripley's conditions, no matter how 'small', on his ability to perform sedentary work." *Ripley*, 67 F.3d at 558 n.27. Further, a rule allowing ALJs to craft RFCs out of whole cloth with zero medical opinions would create too great a "temptation to play doctor," which the Fifth Circuit has correctly cautioned against. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (citing *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (Posner, J.)). In any case, the Court notes that the facts here are distinguishable from *Wills*, as well as the other cases cited in the Commissioner's Brief, in that, in *Wills*, there was an older SAMC opinion in the record that assessed the claimant with several severe impairments and set forth an RFC determination that the claimant "avoid concentrated exposure to hazards and working with moving objects, scaffolds, and heights." *Wills*, 2023 WL 4015174, at *1. That is not the case here because neither medical opinion rejected by the ALJ set forth an RFC. (Tr. 30.)

[4] In either case, the result is the same—either there were no medical opinions in the file because there were none or because the ALJ rejected them as unpersuasive.

9

> The ALJ noted, in making his RFC determination:
>
> Findings by the State Agency at both the initial and reconsideration level are unpersuasive. **The State Agency consultants provided no findings with regards to the physical impairments citing insufficient evidence prior to the date of last insured to assess the impact of claimant's alleged impairments on daily functioning and work-related abilities.** (Ex. 2A; 4A). This is not consistent with the evidence at record, which showed the claimant had range of motion deficits in the right hip and back, spine tenderness and ambulated with a limp. (Ex. 10F; 22F). These physical examinations are corroborated by imaging which showed arthritis in the hip, disc protrusions, foraminal stenosis and mild facet arthrosis at L5-S1 in the lumbar spine. (Ex. 13F/4; 22F/ 5-6). As such, the State Agency findings are unpersuasive.

(Tr. 30 (emphasis added).)

While the ALJ cited raw medical reports including x-rays, MRI results, and various other treatment records, the ALJ did not find any medical opinion persuasive and here were no medical opinions that gave an opinion on Long's RFC. (*See* Tr. 29-30.) However, as set forth above, the ALJ found that Long suffered from multiple "severe" impairments: "degenerative changes with arthritis in the right hip, lumbar disc disorder with radiculopathy, history of right knee arthroscopic surgery, thoracic intervertebral disc disorder, scoliosis, obesity, migraine headaches, pineal gland brain cyst with headache sequalae and hypertension." (Tr. 12 (emphasis removed).) Absent a report from a qualified medical expert, the Court is unable to determine the effects of Long's conditions and symptoms on his ability to work. Therefore, the Court can only conclude that the ALJ substituted his own lay opinion for that of the medical expert opinions of record, and consequently, there is an evidentiary gap in the record. *See Miller v. Comm'r of Soc. Sec.*, No. 1:20-CV-194, 2021 WL 7541415, at *9 (S.D. Miss. Dec. 17, 2021), *R. & R. adopted*, 2022 WL 566175 (S.D. Miss. Feb. 24, 2022) ("If the ALJ finds no medical opinion of record to be even partially persuasive, there is typically an evidentiary gap in the record between the claimant's raw

medical data, impairments, and remaining ability to work.") (internal citations omitted); *see also Ripley*, 67 F.3d at 557 n.27 (the court must be able to determine the effects of the claimant's condition on his ability to work, "no matter how 'small'").

Because there is not substantial evidence to support the ALJ's RFC assessment, the Court must determine whether such error caused harm. *See Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) "'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Id.* (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)). Accordingly, the Court may not vacate the judgment unless Long shows he was prejudiced by the ALJ's error. *See Mays*, 837 F.2d at 1364. Prejudice occurs when procedural errors cast doubt on the existence of substantial evidence in support of the ALJ's decision. *See Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).

In this case, the Court finds that the ALJ's substitution of his lay opinion for that of a medical opinion was not harmless error as the record contained no medical opinion evidence which could be used to reasonably conclude that Long's RFC was appropriate. *Harris*, 2023 WL 5826869, at *6. Without medical opinion evidence, it is, at best, unclear whether the ALJ's conclusion that Long retained the RFC to "perform light work . . . except that he can never climb ladders, rope or scaffolds [and] can [only] occasionally climb ramps and stairs and . . . balance, stoop, kneel, crouch and crawl" was supported by substantial evidence and whether an RFC with greater limitations may have directed a finding of disabled. (Tr. 27 (emphasis omitted).) Remand is necessary when, as here, the ALJ rejected all available medical opinions, cited raw medical data, and made judgments regarding the claimant's RFC. *See Beachum v. Berryhill*, No. 1:17-cv-0009,

2018 WL 4560214, at *4 (W.D. Tex. Sept. 21, 2018) (internal citation omitted)).  Accordingly, the ALJ's substitution of his lay opinion is not harmless, and remand is required on this basis.[5]

## CONCLUSION

Based on the foregoing, the Commissioner's decision is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this order.

SIGNED November 10, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

---

[5] Because the Court finds that the case should be remanded on this issue, the Court will not consider Long's other issues.  Nevertheless, upon remand, the Commissioner should also properly consider Long's subjective reports of his symptoms and the other issues raised in Long's brief.